*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2901 North Central Avenue*
*Suite 1000*
*Phoenix, Arizona 85012-3311*
*(602) 274-1100*
*Wendy J. Harrison (014461)*
*wharrison@bffb.com*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*

**FARUQI & FARUQI, LLP**
*Gerald D. Wells, III* (To be admitted Pro Hac Vice)
*Robert J. Gray* (To be admitted Pro Hac Vice)
*101 Greenwood Avenue, Suite 600*
*Jenkintown, PA 19046*
*Telephone: 215-277-5770*
*Facsimile:  215-277-5771*

***Attorneys for Plaintiffs***

*[Additional counsel appear on signature page]*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Anderson and James Kwasiborski, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>       v.<br><br>Ziprealty, Inc.,<br><br>            Defendant. | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiffs PATRICIA ANDERSON AND JAMES KWASIBORSKI ("Plaintiffs"), individually and on behalf of all similarly situated employees, bring this Class/Collective Action lawsuit against Defendant Ziprealty, Inc. ("Zip") and Doe Defendants 1-10 (collectively "Defendant"), on behalf of all "Realtors" (as defined hereinafter) seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

(the "FLSA"), and the Arizona Minimum Wage Law ("AMWL") and the Arizona Wage Statute (the "AWS") (the AMWL and AWS are collectively referred to "Arizona Wage Laws").  The following allegations are based on the investigation of Plaintiffs' counsel, personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

1. As explained herein, under applicable employment laws, unless an employee is determined to be exempt all employees are entitled to overtime compensation for all hours worked in excess of forty (40) in a given workweek. Moreover, employees are entitled to earn the federal minimum wage for hours worked. However, Realtors employed by Defendant regularly worked in excess of forty hours per week, without receiving premium overtime compensation as required by applicable employment laws.  Further, Defendant failed to pay Realtors the statutory minimum wage for hours worked.

2. "Realtors," including Plaintiffs, are and were regularly engaged in the sale of real estate on behalf of Defendants.  The term "Realtors" includes different job titles, including agents, Foundation Team Leaders, and Production Team Leaders.

3. Zip's Realtors are paid solely on a commission basis.  The practice has resulted in Zip's realtors frequently receiving less than minimum wage in many weeks. In addition, the Realtors are entitled to but are not paid time and a half when they work over 40 hours in a week.

4. Consequently, Plaintiffs bring this nationwide collective action under the FLSA on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All Realtors employed within the three years preceding the filing of this action by Defendant and paid solely on a commission basis (the "FLSA Class").  Excluded from the FLSA Class are all persons who worked exclusively in the State of California at any time during the three years preceding the filing of this action.

5. Plaintiffs allege on behalf of the FLSA Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to the statutory minimum wage for hours worked in which they did not receive any compensation; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

6. Plaintiffs further allege on behalf of the AZ State Law Class that pursuant to the Arizona Wage Laws, they and the class they seek to represent are entitled to: (i) timely payment of at least the minimum wage for all hours worked; (ii) timely payment of unpaid overtime wages; (iii) liquidated damages; and (iv) payment of attorneys' fees and litigation costs.

7. Specifically, Plaintiffs bring the Arizona state law claims as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated:

> All Realtors employed during the statutory period covered by this Complaint by Defendants who were paid strictly on a commission basis at any of Defendants' Arizona facilities (the "AZ State Law Class").

8. The FLSA Class and the AZ State Law Class are collectively referred to herein as the "Classes."

9. Plaintiffs are unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiffs. Upon information and belief, Plaintiffs allege that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants. In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship. Accordingly, unless otherwise specified

herein, Plaintiffs will refer to all defendants collectively as "Defendant" and each allegation pertains to each of the defendants

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

11. Further, this Court has supplemental jurisdiction over Plaintiffs' AZ Wage Law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## THE PARTIES

13. Plaintiff Patricia Anderson ("Anderson") was, at all relevant times, an adult individual residing in Arizona. Ms. Anderson was employed by Zip as a Realtor from 2004 to 2010 in Defendant's Phoenix facility. While employed by Defendant, Plaintiff Anderson regularly worked in excess of forty hours per week without receiving premium overtime compensation.

14. Plaintiff James Kwasiborski was, at all relevant times, an adult individual residing in Arizona. Mr. Kwasiborski was employed by Zip as a Realtor from 2006 to 2010 in Defendant's Phoenix facility. While employed by Defendant, Plaintiff Kwasiborski regularly worked in excess of forty hours per week without receiving premium overtime compensation.

15. Plaintiffs consent in writing to be parties to this collective action pursuant to 29 U.S.C. § 216(b) and Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

16. Defendant Zip is a Delaware corporation with its principal place of business in Emeryville, California. Zip maintains an office in Phoenix, Arizona.

17. At all relevant times, Zip has been engaged in commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

18. Upon information and belief, Defendant employs in excess of fifty Realtors in the State of Arizona at any one time during the relevant class period. Further, Defendant employs, upon information and belief, hundreds of Realtors in locations throughout the United States.

## STATEMENT OF FACTS

19. Due to the nature of the job responsibilities and requirements of Defendant's Realtors, Plaintiffs and members of the Classes were, and continue to be, required to work more than forty hours a week during the course of their employment with Defendants.

20. Plaintiffs and the members of the Classes each received an IRS Form W-2 from Defendants on an annual basis. Consequently, Plaintiffs and the members of the Classes were not independent contractors.

21. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty hours per week.

22. In addition, employees are entitled to wages in an amount at least equal to the statutory minimum wage for hours worked in a work week.

23. Upon information and belief, Defendant maintained uniform employment policies and guidelines regarding its employment of Realtors, including but not limited to its misclassification of Realtors as exempt from overtime compensation.

24. In the course of their employment, Plaintiffs and the members of the Classes sold real estate mainly via phone from their homes. The duties of Realtors are set forth in uniform, company-wide policies promulgated by Defendant.

25. Pursuant to Defendant's uniform employment policies, Realtors were paid on a commission basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

26. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

27. Realtors do not fall under the executive exemption, because, *inter alia*, they are not primarily engaged in the management of Defendant's business operations. Also, Realtors do not customarily or regularly direct the work of at least two (2) or more employees, or have the authority to hire and fire employees. Realtors also do not customarily and regularly exercise discretion and independent judgment.

28. Plaintiffs and the members of the Classes do not qualify for the professional exemption set forth in the FLSA because, *inter alia*, Realtors do not perform work that requires them to possess knowledge of an advanced type in a field of science or learning.

29. Plaintiffs and the members of the Classes are not administratively exempt because, *inter alia*, they do not perform office or non-manual work directly related to the management policies or general business operations of Defendant or its customers. Importantly, Realtors also do not customarily and regularly exercise discretion and independent judgment.

30. Defendant regularly provided real estate sales leads to Realtors. The work the Realtors performed was carefully tracked by Defendant's computer system. Rules were set by Defendant as to the frequency of calls made to the leads. Realtors who did not abide by these rules would have their leads taken away by Zip.

31. Plaintiffs and the members of the Classes do not qualify for the outside sales exemption because they were not customarily and regularly engaged away for their place of business.

32. Realtors were also required to log on the Zip system seven days a week.

33. Realtors had to qualify the leads over the phone. This work regularly took place at either the Realtors' home office or Defendant's office.

34. Realtors were required to attend frequent in-person and telephonic meetings.

35. New Realtors were also required to attend extensive training sessions.

36. As a result, Realtors spent most of their time working either at home or in the office, not in the field showing homes to prospective buyers.

37. Accordingly, Plaintiffs and the members of the Classes work for Zip did not involve work that falls within any exemption from the minimum wage or overtime rules pursuant to the Arizona Wage Laws or the FLSA.

38. As such, Realtors, including Plaintiffs and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

39. In violation of the FLSA, Plaintiffs and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty hour workweek.

40. In further violation of the FLSA and the Arizona Wage Laws, Plaintiffs and the members of the Classes did not receive statutory minimum wages for all hours worked.

41. Plaintiffs allege on behalf of themselves and members of the Classes that Defendant's failure to pay overtime was knowing and willful.

42. Defendants have assigned and/or been aware of the work that Plaintiffs and members of the Classes have performed.

43. Defendant, through its sales and payroll records, which carefully tracked the commissions earned by the Realtors, knew or should have known that the Realtors were often paid less than minimum wage.

44. Similarly, because of the amount of work assigned, the tracking that was done through the computer system, and the required training and meetings, Zip knew that its Realtors frequently worked over forty hours per week without receiving premium overtime compensation.

45. Defendant willfully failed to pay Plaintiffs and the members of the Classes all amounts due and owing under applicable wage and hours laws, including minimum wage and premium overtime compensation. Plaintiffs and the members of the Classes frequently worked weeks for which they received no compensation and are consequently owed statutory minimum wages for such weeks. In addition, Plaintiffs and members of the Classes and did not receive overtime compensation for all hours worked in excess of forty per week.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiffs and the members of the Classes, as well as applicable compensation rates, is in the possession of Defendant. If these records are unavailable, Plaintiffs and members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

47. Each of the foregoing acts is in contravention of the FLSA and Arizona Wage Laws.

## **COLLECTIVE /CLASS ACTION ALLEGATIONS**

48. Plaintiffs bring this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b).

49. Plaintiffs also bring this action on behalf of the Arizona State Law Class as a class action for claims under the Arizona Wage Laws pursuant to the Federal Rules of Civil Procedure 23.

50. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the Arizona Wage Laws may be pursued by all similarly-situated persons who choose not to opt-out of the Arizona State Law Class, pursuant to the Federal Rules of Civil Procedure 23.

### Allegations Specific To The FLSA Class

51. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all Realtors who worked for Zip nationwide, excluding those exclusively employed in the State of California, at any time from three years prior to the filing of this complaint.

52. Plaintiffs and the members of the FLSA Class were uniformly misclassified as exempt employees under the FLSA.

53. There are numerous similarly-situated current and former Realtors nationwide who have worked without appropriate compensation or for below the minimum wage, and for over forty hours a week without appropriate overtime pay. These workers would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the lawsuit pursuant to 28 U.S.C. § 216(b).

54. Notice of the pendency and any resolution of this action can be provided to the FLSA Class by mail, print, electronic mail, internet publication and/or other means approved by the Court.

### Allegations Specific To The Arizona State Law Class

55. The claims under the Arizona Wage Laws are brought as a class action under FRCP 23.

56. Plaintiffs seek to represent a class of all Realtors who worked for Zip in Arizona during the statutory period covered by this Complaint.

57. The Arizona State Law Class consists of at least 50 people, and is numerous enough to make joinder impractical. Members of the Arizona State Law Class can readily be identified from Zip's records.

58. Determining the rights of the Plaintiffs will also determine the rights of the members of the Arizona State Law Class. There is a well-defined community of interest in the questions of law and fact affecting the Arizona State Law Class as a whole. The questions of law and fact common to each member of the Arizona State Law Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Realtors were properly classified by Defendant as exempt from overtime compensation;

    b. Whether Plaintiffs and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty per week;

    c. Whether Plaintiffs and the members of the Classes are entitled to statutory minimum wages;

    d. The manner in which Plaintiffs and members of the Classes were compensated; and

    e. Whether Plaintiffs and the Classes have sustained damages and, if so, what is the proper measure of damages.

59. Plaintiffs have the same complaints and were subject to the same policies as the members of the Arizona State Law Class. Accordingly, Plaintiffs' claims are typical of those of the members of the Arizona State Law Class.

60. Plaintiffs have no interests that are antagonistic to the interests of the members of the Arizona State Law Class and have retained experienced national wage and hour attorneys. Thus, Plaintiffs are adequate representatives of the Arizona State Law Class.

61. This action is maintainable as a class action under FRCP 23(b)(3) because questions of law and fact common to the class outweigh questions that affect only individual members. The only individual determinations that will have to be made are those of the amount of damages, which is typical of wage and hour litigation and does not defeat class certification.

62. A class action is superior to other methods of adjudicating this controversy. The amount of damages suffered by each class member is too small to make individual adjudications a realistic option. Without the class mechanism, many workers would be denied their day in court. In addition, numerous individual actions would unnecessarily burden the parties and the judiciary, and risk inconsistent adjudications of the same issues.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT - OVERTIME WAGES**

63. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

64. At all relevant times Zip has had gross revenues in excess of $500,000.

65. At all relevant times Zip has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times Zip employed, and/or continues to employ, Plaintiffs and the other Realtors in the FLSA Class within the meaning of the FLSA.

67. At all relevant times, Zip had a willful policy and practice of refusing to pay overtime compensation to its realtors for all hours worked in excess of forty hours per workweek in violation of the FLSA.

68. Defendant's failure to pay Plaintiffs and all other members of the FLSA Class for all hours worked in a given work week, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are

1 employed for work performed beyond the forty hour work week, is a violation of 29 U.S.C. §§ 207.

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70. Due to Zip's FLSA violations, Plaintiffs, on behalf of themselves and the members of the FLSA Class, are entitled to recover from Zip: (i) their unpaid overtime compensation; (ii) an additional equal amount as liquidated damages; and (iii) reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT - MINIMUM WAGES**

71. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

72. At all relevant times Defendant paid Plaintiffs and the members of the FLSA Class wages in the form of commissions.

73. At all relevant times, Zip had a willful policy of failing to pay its Realtors minimum wage in violation of the FLSA.

74. Pursuant to 29 U.S.C. § 206, Plaintiffs on behalf of themselves and the members of the FLSA Class are entitled to: (i) their unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage; (ii) liquidated damages equal in amount to the unpaid compensation; and (iii) reasonable attorneys' fees, costs and disbursements of this action.

**THIRD CLAIM FOR RELIEF**

**ARIZONA MINIMUM WAGE LAW**

75. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

1  76. Defendant was required to pay at least the minimum wage to employees under A.R.S. § 23-363.

3  77. Defendant willfully violated A.R.S. § 23-363 by failing, in many weeks, to pay Plaintiffs and the members of the Arizona State Law Class minimum wage for all hours worked.

6  78. Plaintiffs and the class are entitled to back pay, interest and treble damages under A.R.S. § 23-364.

## FOURTH CLAIM FOR RELIEF

## ARIZONA WAGE STATUTE

79. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

80. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

81. Defendant willfully violated the AWS by failing to timely pay minimum wage and overtime on a timely basis pursuant to A.R.S. §§ 23-351 and 353.

82. Accordingly, Plaintiffs and the members of the Arizona State Law Class are entitled to back pay of wages and treble damages under A.R.S. § 23-355.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and/or on behalf of Classes, respectfully request that this Court grant the following relief:

A. Designation of this action as a collective action and authorization of prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B. Certification of this action as a class action pursuant to Rule 23 and authorization of notice to the AZ State Law Class;

- 13 -

1  C. An Order appointing Plaintiffs as Class Representatives to represent the members of the Classes;

3  D. An Order appointing Plaintiffs' Counsel as Counsel of Record for the Classes;

5  E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Arizona Wage Laws;

7  F. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

11  G. An award of unpaid wages to Plaintiffs and the members of the Classes;

12  H. An award of unpaid overtime compensation to Plaintiffs and the members of the Classes;

14  I. An award of liquidated damages to Plaintiffs and the FLSA Class as a result of Defendant's willful failure to pay appropriate wages;

16  J. An award of treble damages to Plaintiffs and the members of the AZ State Class pursuant to the Arizona Wage Statute and the Arizona Minimum Wage Law;

18  K. An award of prejudgment and post-judgment interest to Plaintiffs and the members of the Classes;

20  L. An award of costs and expenses of this action together with reasonable attorneys' fees to Plaintiffs and the members of the Classes; and

22  M. Such other and further relief as this Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED: February 16, 2012

         BONNETT, FAIRBOURN, FRIEDMAN
         & BALINT, P.C.


         By   s/ Wendy J. Harrison
         Wendy J. Harrison
         Ty D. Frankel
         2901 N. Central Avenue, Suite 1000
         Phoenix, Arizona  85012-3311
         Telephone:  602-274-1100
         Facsimile:   602-798-5860

         FARUQI & FARUQI, LLP
         Gerald D. Wells, III
         Robert J. Gray
         101 Greenwood Avenue, Suite 600
         Jenkintown, PA 19046
         Telephone: 215-277-5770
         Facsimile:  215-277-5771

         FARUQI & FARUQI, LLP
         Adam Gonnelli (To be admitted Pro Hac Vice)
         369 Lexington Avenue, 10th Floor
         New York, New York 10017
         Telephone: (212) 983-9330
         Facsimile: (212) 983-9331

         Jeff Weinstein (To be admitted Pro Hac Vice)
         Weinstein Law
         518 East Tyler Street
         Athens, TX   75751
         Telephone: (903) 677-5333
         Facsimile: (903)677-3657

         Attorneys for Plaintiff