**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Anderson and James Kwasiborski, on behalf of themselves and all others similarly situated, | Case No. CV 12-0332-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Ziprealty, Inc., | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion to conditionally certify this action as a collective action, for authorization of notice to similarly situated persons under 29 U.S.C. § 216(b), and for expedited discovery. (Doc. 61). Defendant ZipRealty, Inc. ("Zip") has filed a Response (Doc. 68) and Plaintiffs have filed a Reply (Doc. 78).

## I.   BACKGROUND

Named Plaintiffs were employed by Zip as real estate sales agents until 2010. Zip's employment model was unique in the real estate industry when Plaintiffs worked for Zip. Until January 31, 2011, and unlike many employers in the real estate industry, Zip classified most of its real estate sales agents as employees rather than independent contractors. As employees, Zip paid all of its real estate sales agents on a commissioned basis. Zip did not pay a minimum wage or a premium for overtime.

The Fair Labor Standards Act ("FLSA") requires employers to pay employees overtime and minimum wages. 29 U.S.C. §§ 206-207. The FLSA also exempts

1   employers from paying these wages to employees employed in the capacity of outside

2   salesmen.  29 U.S.C. § 213(a)(1).  On January 31, 2011, Zip reclassified all its real estate

3   sales agents around the country as independent contractors.

4        On February 16, 2012, Plaintiffs filed a complaint against Defendant in this Court

5   (the "Complaint") alleging four claims against Zip.  These claims include claims for

6   overtime and minimum wages under the FLSA and claims for minimum and overtime

7   wages under the Arizona Minimum Wage Law (Arizona Revised Statute ("ARS") § 23-

8   363) and the Arizona Wage Law (A.R.S. § 23-351, *et seq.*).  Since the Complaint was

9   filed, seventeen former Zip real estate sales agents have opted in to the suit.

10       Plaintiffs allege that they routinely worked more than forty hours per week without

11  overtime compensation and that they worked weeks where they were paid less than the

12  minimum wage in violation of the FLSA and state law.  (Doc. 61 at 7).  Defendant

13  contends that it was not required to pay Plaintiffs overtime and minimum wages under the

14  FLSA because its real estate sales agents were exempt from the FLSA as outside

15  salesmen.

16       Plaintiffs sue on their own behalf and on behalf of all others similarly situated.  In

17  their pending Motion, Plaintiffs seek conditional Court approval of an FLSA collective

18  action under 29 U.S.C. § 216(b) and notice to other potential plaintiffs of the collective

19  action.

20  **II.    ANALYSIS**

21       **A.  Conditional Certification**

22       Section 216(b) of the FLSA allows employees to represent similarly situated co-

23  workers in an action against their employer for failure to pay wages owed.  29 U.S.C.

24  §216(b) ("An action to recover the liability prescribed in either of the preceding sentences

25  may be maintained against any employer . . . by any one or more employees for and in

26  behalf of himself or themselves and other employees similarly situated.").  Only

27  employees who consent in writing can become party plaintiffs to a collective action.  *Id.*

28  If appropriate, collective actions benefit the judicial system by efficiently resolving in one

1    proceeding common issues of law and fact. *Hoffman-LaRouche Inc. v. Sperling*, 493 U.S.

2    165, 170 (1989).

3       Named Plaintiffs ask the Court to conditionally certify this action as a

4    representative collective action pursuant to 29 U.S.C. 216(b) on behalf of "all Zip [real

5    estate] sales agents classified as employees between February 16, 2009 and January 31,

6    2011." (Doc. 62 at 5). The decision to certify a collective action under the FLSA is

7    within the discretion of the Court. *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986,

8    989 (C.D. Calif. 2006). To certify a class action under the FLSA, the Court must

9    determine whether Named Plaintiffs and potential opt-in members are "similarly situated."

10    29 U.S.C. §216(b). The FLSA does not define the term "similarly situated," and the Ninth

11    Circuit Court of Appeals has not construed it. *Wood v. Trivita, Inc.*, No. CV–08–0765–

12    PHX–SRB, 2009 WL 2046048 at *2 (D.Ariz. Jan. 22, 2009).

13       Courts have taken at least three different approaches to analyzing the issue: "(1) a

14    two-tiered case-by-case approach, (2) the incorporation of the requirements of Rule 23 of

15    the current Federal Rules of Civil Procedure, or (3) the incorporation of the requirements

16    of the pre-1966 version of Rule 23 for 'spurious' class actions." *Id*. The majority of

17    courts, including this Court, have adopted the two-tiered approach. *See, e.g., Hipp v.*

18    *Liberty Nat'l Life Ins. Co*., 252 F.3d 1208, 1219 (11th Cir. 2001); *Edwards*, 467 F. Supp.

19    2d at 990; *Hutton v. Bank of Am.*, 03-2262-PHX-ROS, 2007 WL 5307976 at *1 (D. Ariz.

20    March 31, 2007); *Bogor v. Am. Pony Exp., Inc*., 09-2260-PHX-JAT, 2010 WL 1962465,

21    at *2 (D. Ariz. May 17, 2010). Accordingly, this Court will continue to follow the

22    majority two-tiered approach.

23       Under the two-tiered approach, during the early stages of litigation, the Court

24    evaluates the case under a lenient standard and may grant conditional certification. *Hipp*,

25    252 F.3d at 1217. If the Court "'conditionally certifies' the class, putative class members

26    are given notice and the opportunity to 'opt-in.' The action proceeds as a representative

27    action throughout discovery." *Id*. at 1218 (citing *Mooney v. Aramco Servs. Co*., 54 F.3d

28    1207, 1213-14 (5th Cir. 1995)). The Court then reevaluates, usually prompted by a

motion for decertification, the "similarly situated" question at a later stage, once discovery has produced sufficient information regarding the nature of the claims. *Id*. at 1217-18. This determination under a stricter standard is based on much more information, which makes a factual determination possible. *Id*. at 1218; *Wood*, 2009 WL 2046048 at *3. At the second stage, the Court reviews several factors, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1103 (10th Cir. 2001). At all times, Plaintiffs have the burden of proving they meet the "similarly situated" requirement. *See Hipp*, 252 F.3d at 1217.

At the early stage, or the "notice stage," the Court "must determine whether Plaintiffs were 'similarly situated' as required to create an opt-in class under § 216(b)" based on the pleadings and any Declarations that have been submitted. *Id.* at 1217-1218 (citing *Mooney*, 54 F.3d at 1213-14). The Court uses a fairly lenient standard because the Court does not have much evidence at this stage. *Id*. at 1218. "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id*. at 1217 (quoting *Grayson v. K Mart Corp*., 79 F.3d 1086, 1096 (11th Cir. 1996)). "A unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." *Id*. at 1219 (quoting *Grayson*, 79 F.3d at 1095). "Plaintiffs bear the burden of demonstrating a reasonable basis for their claim of classwide discrimination. The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id*. (quoting *Grayson*, 79 F.3d at 1097).

Because this case is in the early stages, the Court will apply the lenient "notice stage" standard to the similarly situated determination. Plaintiffs allege that "all Zip [real estate] sales agents classified as employees between February 16, 2009 and January 31, 2011" are "similarly situated," because Zip classified all of these employees as exempt

1  under the FLSA, because each of these employees had the same job description, because

2  each of these employees had common operating procedures and training, and because each

3  of these employees had a common compensation scheme.  (Doc. 61 at 10-14).  Named

4  Plaintiffs have also submitted opt-in agreements of seventeen other employees who have

5  stated that they are similarly situated to Named Plaintiffs.

6       Defendant argues in part that the Court should deny Plaintiffs motion because the

7  statute of limitations under the FLSA will bar any new opt-in plaintiffs from bringing their

8  claims.  (Doc. 68 at 26).  The statute of limitations for bringing claims under the FLSA is

9  two years after the cause of action accrued, unless the cause of action arose out of a willful

10 violation, then the statute of limitations is three years.  29 U.S.C. § 255(a).  With regard to

11 potential opt-in plaintiffs, an action will be commenced on the date when they file their

12 written consent to become a party plaintiff with the Court.  § 256(b).

13      In this case, the latest date that any action could accrue for any potential opt-in

14 plaintiffs is January 31, 2011, when Defendant reclassified all of its real estate sales

15 people as independent contractors.   The two year statute of limitations has already

16 expired.[1]   The three year statute of limitations will not run until January 31, 2014.

17 Accordingly, any potential opt-in plaintiffs must base their claims on Defendant's willful

18 violation of the FLSA.   Therefore, Defendant's argument that the Court should deny

19 Plaintiffs' Motion is premised on the Court making a determination at this point in the

20 case based on limited discovery that Defendant did not act willfully.   The Court is

21 unwilling to make this determination, at this time, based on an incomplete record of the

22 facts.

23 //

24

25 [1]  Plaintiffs did not file their Motion to conditionally certify a collective action under the
26 FLSA until November 21, 2012 (Doc. 61), just over two months prior to the two year
   statute of limitations expiring on January 31, 2013.  While Plaintiffs requested that the
27 Court expedite sending notice and discovery, Plaintiffs' delay in filing their Motion has
   narrowed the legal basis for any claims that potential opt-in plaintiffs may have.

28

The Court finds the evidence that Plaintiffs have proffered is sufficient at the first, lenient stage of the "similarly situated" analysis.  The Court therefore will conditionally certify a collective action under the FLSA.  After discovery reveals the actual facts of the case and before the dispositive motion deadline, Defendant may move to decertify the case.  If Defendant chooses to file a decertification motion, the Court will engage in a much more rigorous analysis of the "similarly situated" issue at that time.  The deadline for filing a decertification motion will be the same day as the dispositive motion deadline, February 14, 2014, established by the Rule 16 Scheduling Order (Doc. 43 at 4).

**B.  Notice**

The district court has discretion regarding the form and content of the notice.  The United States Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b), noting that such "details" should be left to the broad discretion of the trial court.  *Hoffmann-La Roche*, 493 U.S. at 170 ("we decline to examine the terms of the notice . . . . We confirm the existence of the trial court's discretion, not the details of its exercise.").  Plaintiffs have submitted a proposed notice (Doc. 62), to which Defendant has proposed a number of amendments (Doc. 68 at 28-29).

"The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate."  *Whitehorn v. Wolfgang's Steakhouse, Inc*., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (citing *Hoffmann–La Roche*, 493 U.S. at 170).  Accordingly, the Court will order the following two changes be made to the proposed notice.

First, as to Defendant's request that prospective plaintiffs be given the contact information for defense counsel, this is routinely accepted and Plaintiffs are ordered to make this change.  *See id*. at 451.  Plaintiffs shall add a final section at the end of the notice titled "ATTORNEYS FOR DEFENDANTS."  Under this title Plaintiffs shall add the following text:

Further information about this case may also be obtained by writing or phoning the Defendant's counsel at:

Deanna R. Rader
Gordon & Rees LLP
111 W. Monroe Street Suite 1600
Phoenix, Arizona, 85003
drader@gordonrees.com
Phone: (602) 794-2460
Fax: (602) 265-4716

Second, as to Defendant's request that Zip be permitted to further describe its position, the Court will order Plaintiffs to make the following change.  In the last sentence of Section II (Doc. 62 at 5), Plaintiffs shall delete the words "Zip denies any wrongdoing and claims that sales agents were paid properly," and add the words "Zip denies that it violated the FLSA and claims that sales agents were paid properly under the outside sales exemption of the FLSA."

## III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Conditional FLSA Certification, Authorization of Notice to Similarly Situated Persons Under 29 U.S.C. § 216(b), and Expedited Discovery (Doc. 61) is granted.  Defendant is reminded that the deadline to file a motion for decertification is the dispositive motion deadline of February 10, 2014, established by the Rule 16 Scheduling Order (Doc. 43 at 4).

**IT IS FURTHER ORDERED** that Plaintiffs shall submit a revised copy of the Proposed Notice for final Court review no later than seven (7) days from the signature date of this Order.  The final Notice to potential plaintiffs and consent to become party plaintiff should be mailed no later than fourteen (14) days after the Court issues final authorization of the Proposed Notice.

//

//

//

1    **IT IS FINALLY ORDERED** that Defendant shall give Plaintiffs the relevant

2    names and addresses within ten (10) days of this Order.

3    Dated this 2nd day of May, 2013.

_____
James A. Teilborg
Senior United States District Judge